UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS ALBERTO GANAN RAMIREZ,

                     Petitioner,

                -v-

UNITED STATES OF AMERICA,

                     Respondent.

20 Civ. 4009 (PAE)
16 Cr. 782 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On January 25, 2019, Carlos Alberto Ganan Ramirez ("Ramirez") pled guilty to engaging and attempting to engage in monetary transactions in criminally derived property of a value greater than $10,000, in violation of 18 U.S.C §§ 1957(a) and 2. Ramirez was sentenced to 80 months' imprisonment and two years of supervised release. On May 7, 2020, Ramirez filed a petition for relief under 28 U.S.C. § 2255. Dkt. 37. Ramirez's § 2255 petition argues that his defense counsel rendered constitutionally ineffective assistance during sentencing for not seeking a lower sentence based on "unwarranted sentencing disparities" between Ramirez and his co-conspirators and other similarly situated defendants nationwide, and for not arguing that Ramirez's "substantial assistance" to authorities warranted a sentence reduction. Ramirez points to other factors that he contends merit a sentencing reduction.

This case was originally assigned to the Honorable William H. Pauley, who, on June 11, 2020, issued an order setting a briefing schedule in this case, directing the Government to file an opposition with 60 days, and then Ramirez to file a response 30 days later. Dkt. 39.

On July 16, Judge Pauley issued another order stating:

1

> Movant brings this action *pro se*. Movant submitted the motion without a signature. Rule ll(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.l(a). The Supreme Court has interpreted Rule ll(a) to require "as it did in John Hancock's day a name handwritten (or a mark handplaced)," *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Movant is directed to resubmit the signature page of the motion with an original signature to the Court within thirty days of the date of this order. A copy of the signature page is attached to this order. A copy of this order is to be mailed in chambers.

Dkt. 40. On August 10, 2020, the Government filed an opposition to Ramirez's 28 U.S.C. § 2255 motion. Dkt. 42 ("Gov. Mem."). Ramirez, however, failed to either the required signature page or a response to the government's opposition.

On July 28, 2021, this Court was assigned to this case. On July 29, 2021, the Court issued the following order:

> On May 22, 2020, movant Carlos Ramirez filed this pro se action, but his pleadings were submitted without the required signature. Dkt. 1. Previously this case had been assigned to Judge Pauley, who ordered Ramirez to resubmit the signature page, so as this time to comply with Federal Rule of Civil Procedure 11(a). Dkt. 5. . . . No such submission, however, was filed. On July 28, 2021, this Court was reassigned to this case. The Court now directs Ramirez to resubmit the signature page of the motion with an original signature within 30 days of the date of this order. The Clerk of Court is respectfully directed to mail a copy of this order to the address on file for Ramirez.

Dkt. 43. The Clerk of Court mailed this order to Ramirez at his last known address, but, on August 11, 2021, the mailing was returned as not deliverable and unable to forward. Ramirez has not provided the Court with an updated address.

Ramirez failed to submit the required signature when Judge Pauley first gave him notice of his obligation to do. He has not since remedied the situation, despite almost a year passing since the deadline that Judge Pauley gave. As a result, no progress has been made in this case. In light of Ramirez's durable failure to provide the required signature, the Court has no choice

but to dismiss his § 2255 petition, without prejudice, and without reaching the merits of his claims.

For the parties' benefit, however, the Court notes that, on its initial review, the Government's arguments in opposition to the relief sought appear substantial.

First, although Ramirez contends that his counsel failed to argue at sentencing against "unwarranted sentencing disparities" between himself and his co-conspirators, those persons had not yet been sentenced as of the date Ramirez was sentenced. He was sentenced in May 2019 and the co-conspirators to whom Ramirez points were sentenced in June and July 2019. Gov. Mem. at 13. And defense counsel's sentencing submission, Dkt. 42, Ex. E, did "request a downward variance pursuant to the factors listed in 18 U.S.C. § 3553(a)," including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* at 1, 5. Ramirez also argues that his counsel failed to advocate for a sentence reduction due to Ramirez's "substantial assistance" to authorities, but that also appears incorrect. At sentencing, defense counsel brought Ramirez's attempts at cooperating with the Government to the Court's attention, as a basis for a variance. Gov. Mem. at 12. Ramirez's remaining contentions, including that his "activities . . . during his time incarcerated deserve and especial mention," and that "[t]he § 3553(a) factors should grant reduction," Dkt. 42, Ex. A at 16–17, relitigate his sentencing. They do not appear to be proper arguments on a § 2255 petition.

## CONCLUSION

The Court dismisses Ramirez's petition, without prejudice. The Clerk of Court is respectfully directed to close the motion pending at Dkt. 37 and to terminate this case.

3

SO ORDERED.

                                                                      _____
                                                                             PAUL A. ENGELMAYER
                                                                             United States District Judge

Dated: August 13, 2021
         New York, New York